**TE'O MANUMA, for himself and as representative of RYAN MANUMA, Plaintiff**

**v.**

**CONTINENTAL INSURANCE COMPANY, ANITA TEDROW, and SCHWALGER, JR., Defendants**

High Court of American Samoa
Trial Division

CA No. 59-83

November 21, 1989

Before REES, Associate Justice, VAIVAO, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, Asaua Fuimaono

On Motion to Disburse Funds and for Approval of Attorney Fees:

These motions concern disbursement of funds obtained in a post-judgment proceeding brought in the name of a deceased plaintiff. Distribution is requested in accordance with the terms of a contingent fee agreement said to have been made between the late plaintiff and an attorney who has since been disbarred.

Plaintiff Te'o Manuma brought this wrongful death action in 1983 against defendants Schwalger, Tedrow, and Continental Insurance Co. The Court awarded Te'o $10,000 against Continental and $90,000 against the other two defendants. Te'o was represented at trial and throughout most of the appeal by counsel Mulitauaopele Ivi. After the appellate briefs had been filed, Mulitauaopele was disbarred; the oral argument was made by counsel Asaua Fuimaono. On April 5, 1985, the Appellate Division upheld the judgment of the trial court.

During 1986 and 1987 counsel Fuimaono made several unsuccessful attempts to collect on his client's $90,000 judgment against Anita Tedrow.[1] Counsel Fuimaono's collection efforts were directed

---

[1] Continental paid its part of the judgment, along with accrued interest, soon after the appellate decision was rendered. Schwalger, who as driver of Mrs. Tedrow's car was

primarily to a parcel of land with a house on it, which was occupied by Anita Tedrow and her family. Although this property was not registered in Mrs. Tedrow's name, she had signed an agreement to purchase it in 1983 and had paid the purchase price in full by 1986, Counsel Fuimaono's efforts to execute upon the property were pointless, however, because Mrs. Tedrow is a Samoan and "[n]o real property of a Samoan may be subject to sale under a writ of a court to satisfy any judgment other than a judgment foreclosing a valid mortgage . . . ." A.S.C.A. § 43.1528(a).

In September 1987 counsel Fuimaono learned that the Tedrows had taken steps to sell the property and to leave American Samoa. He immediately reported this discovery to the Court by way of an "Expedited Ex Parte Motion to Invalidate Warranty Deed and to Prohibit Any Transaction on Land Without Approval of the Court." The ensuing saga is told in *Te'o v. Continental Insurance Co.*, 6 A.S.R.2d 135 (1987); *In re Special Guardianship of Tedrow*, 7 A.S.R.2d 72 (1988); and *Tedrow v. Manuma*, 12 A.S.R.2d 51 (1989). The upshot is that the registry of the Court now contains $32,500 plus accrued interest which has been held to be the property of Te'o Manuma.

Unfortunately, however, Te'o Manuma has passed away. He had already passed away two months before counsel Fuimaono filed his Expedited Ex Parte Motion, yet counsel chose to litigate for two years on behalf of his deceased client rather than to move for the substitution of decedent's estate. Counsel now informs the Court of his client's demise and asks that the proceeds be disbursed directly to the heirs of Te'o without resort to probate: one-third to the widow Sifaga Manuma, and the balance to be "distributed amongst" certain unnamed children. To be more precise, counsel asks that half the proceeds be thus distributed. He requests that the other half be given entirely to Sifaga Manuma, who was mentioned in several places in plaintiff's complaint although she was not actually named as a plaintiff.

The Court can grant half of this request. Although the omission of Sifaga Manuma as a named plaintiff was extremely sloppy pleading and caused the trial court to omit any mention of Sifaga in its decision --- and also caused the appellate court, apropos of another issue, to observe that "there is only one plaintiff besides the estate" --- the

principally responsible for the fatal accident, seems to have had no assets. Soon after the judgment was affirmed on appeal he disappeared from the case and apparently from the Territory.

pleadings as a whole can be construed to request recovery for Te'o on behalf of himself and Sifaga jointly. Sifaga, the mother of the boy who was killed, had the same legal and equitable right as Te'o to recover for their son's death. We believe the trial and appellate courts would have mentioned her specifically had the matter been called to its attention. We therefore construe the judgment as being in favor of Sifaga and Te'o jointly. Half of the award, after deduction of attorney fees, should be distributed directly to Sifaga.

The requested distribution of the remainder of the proceeds not to Te'o's estate but directly to his heirs, most of whose names are known neither to the Court nor apparently to counsel (and without any prior notice to creditors or to anyone else who might wish to make a claim against the estate) would violate several bedrock principles of the law of successions, not to mention numerous explicit statutory provisions. *See generally* Title 40 of the American Samoa Code Annotated. The share of the proceeds belonging to Te'o Manuma will be disbursed to the administrator of his estate as soon as an administrator has qualified.

The Court is asked to perform yet another illegal act by distributing a fifty per cent share in a contingent fee to former counsel Mulitauaopele, who is not licensed to practice law. *See* Model Rules of Professional Conduct, Rule 5.4; ABA Model Code of Professional Responsibility, EC 3-8, DR 3-102. One of the rights counsel Mulitauaopele lost when he was disbarred was the right to enforce, as against sums accruing to his clients after the disbarment, contingent fee agreements he had made while still a lawyer. Although he had a duty to assist his former clients in an orderly transition to new counsel, he had no right to sell or barter his practice or any part of it to another attorney in exchange for a percentage of the proceeds.

We assume for the purpose of this motion, although we have been unable to find any authority on the question, that a disbarred lawyer might be able to collect on a *quantum meruit* basis for work performed for clients prior to his disbarment. In the present case, however, we note that attorney Fuimaono has already collected $12,520.85 from Continental Insurance on behalf of Te'o and other parties who were represented by Mulitauaopele and later by himself. This happened in 1985, after counsel Mulitauaopele had been disbarred; it was therefore unlawful for him to collect his forty per cent contingent fee or to divide it with counsel Fuimaono; the request presently before us, however, strongly suggests that he and counsel Fuimaono did not see the matter this way. If Mulitauaopele has already collected several thousands of

45

dollars for his work on this case, it would appear most unlikely that he could recover more on a *quantum meruit* basis. If he wishes to make such a claim, however, he may do so within the next ten days.

Counsel Fuimaono did not have a contingent fee agreement --- nor, as far as the record discloses, any agreement at all --- with Te'o. Fuimaono's agreement with former counsel Mulitauaopele to violate Rule 5.4 by sharing the latter's unenforceable fee agreement is itself unenforceable; for the same reason that Mulitauaopele is forbidden from selling shares in his former cases, counsel Fuimaono may not purchase them. He may, however, collect fees on a *quantum meruit* basis.[2]

The writer of the present opinion was the trial judge in all the post-judgment proceedings in which counsel Fuimaono was involved and is intimately familiar with the record in these proceedings. On the basis of this record the Court will authorize a $3,000 fee for counsel Fuimaono. If he believes he is entitled to a larger fee he may move for reconsideration of this order within ten days.

In accordance with the above, the following distribution of the sum in the registry of the Court will be authorized: $3,000 to Asaua Fuimaono; $16,250 plus accrued interest, minus $1,500, to Sifaga Manuma; $16,250 plus accrued interest, minus $1,500, to the administrator of the Estate of Te'o Manuma when such an administrator shall have qualified.

Execution of this order will be stayed for ten days pending any motions for reconsideration or modification.

It is so ordered.

---

[2] At the time this motion was made counsel Fuimaono had been suspended from the practice of law. The work he did on these post-judgment proceedings, however, was done at a time when he was under no such disability. In order to avoid any question about his ability to collect on a *quantum meruit* basis, the Court has held the present motion under advisement pending counsel Fuimaono's recent reinstatement.